**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☐   2ND-MMM   Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: DANE ANDREW DUSSIE   JOINT DEBTOR: LOYDEL DUSSIE   CASE NO.: 16-18097-EPK
Last Four Digits of SS# 6843   Last Four Digits of SS# 0281

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

- A.   $ 2,899.33 for months 1 to 10;
- B.   $ 2,095.91 for months 11 to 60; in order to pay the following creditors:

Administrative: Attorney's Fee - $ 8,700.00   TOTAL PAID $ 475.00
Balance Due    $ 8,225.00   payable $ 822.50 /month (Months 1 to 10)
Fee Itemization: $3,500.00 Base Legal Feel; $2,600.00 to file MMM Motion (x2)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1.   Wells Fargo Bank NA         Arrearage on Petition Date $ MMM
Address: Po Box 31557
Billings MT 59107         MMM Payment $ 752.54 /month (Months 1 to 60)
Account No: 0309         *MMM PAYMENT IS CONTRACTUAL PAYMENT PER POC #6

2.   Wells Fargo Bank NA         Arrearage on Petition Date $ MMM
Address: Po Box 31557
Billings MT 59107         MMM Payment $ 1,060.71 /month (Months 1 to 60)
Account No: 0627         *MMM PAYMENT IS CONTRACTUAL PAYMENT PER POC #4

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION (UTILIZING LOCAL FORM "MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY") WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  |  | 0% |  |  |  |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. _____   Total Due  $_____
Payable    $_____/month  (Months ___ to ___)
Payable    $_____/month  (Months ___ to ___)

Unsecured Creditors: Pay $ 92.12 /month (Months 11 to 60).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

1. The Debtors are making monthly mortgage payments on the residential homestead located on 171 Rivera Court, Royal Palm Beach, FL 33411 directly to secured creditor, Nationstar Mortgage LLC (1144), outside of this plan.

2. The Debtors are surrendering the vacant lots located in Sarasota County, FL directly to secured creditor, Bank of America (2678), outside of this plan.

3. The Debtors are surrendering the 2012 Honda Accord directly to secured creditor, Santander Consumer Usa (1000), outside of this plan.

4. The Debtors filed a Verified Motion for Referral to MMM (ECF 30) with Wells Fargo Bank N.A. ("Lender"), loan number 0309-1998 for real property located at 225-227 Fleming Ave Greenacres FL 33463 after April 1, 2013.

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent

LF-31 (rev. 12/01/09)

Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender.

All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender. Until the MMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending MMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

5. The Debtors filed a Verified Motion for Referral to MMM (ECF 31) with Wells Fargo Bank N.A. ("Lender"), loan number 0627 for real property located at 4703 47 CT S, Lake Worth, FL 33463 after April 1, 2013.

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender.

All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender. Until the MMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending MMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

| | |
|---|---|
| /s/ **FILED ECF** | Date: September 9, 2016 |
| Nowack &Olson, PLLC with knowledge and consent of the Debtor(s) | |

LF-31 (rev. 12/01/09)